# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MID-CENTURY INSURANCE COMPANY,

        Plaintiff,

vs.

ANDY DO, HUNG MAI, and HONG NGUYEN,

        Defendants.

Case No.: 2:19-cv-01800-GMN-BNW

**ORDER**

Pending before the Court are the Second Motions for Default Judgment, (ECF Nos. 29–31), filed by Plaintiff Mid-Century Insurance Company ("MIC"). (Mot. Default. J. Against Hung Mai, ECF No. 29); (Mot. Default J. Against Andy Do, ECF No. 30); (Mot. Default J. Against Hong Nguyen, ECF No. 31). Defendants Hung Mai, Andy Do, and Hong Nguyen (collectively "Defendants") did not file responses.

Also pending before the Court is the Motion to Set Aside Default, (ECF No. 33), filed by Defendants. (Mot. Set Aside, ECF No. 33). Plaintiff filed a Response, (ECF No. 35), to which Defendants filed a Reply, (ECF No. 36).

For the reasons discussed below, the Court **GRANTS** the Plaintiff's Motions for Default Judgment and **DENIES** Defendants' Motion to Set Aside Default.

**I.**    <u>**BACKGROUND**</u>

This case arises from a car collision that occurred on June 9, 2014. (Compl. ¶ 9, ECF No. 1). On January 22, 2016, Defendants filed a negligence claim against Michelle Lynn Lannan for bodily injury arising from the car collision. (*Id.*). Plaintiff Mid-Century Insurance Company ("Plaintiff") covered Defendants under an automobile Uninsured Motorist ("UM")

1  policy. (*Id*.). Progressive Direct Insurance Company and Progressive Northern Insurance

2  Company (collectively, "Progressive") insured Michelle Lannan. (*Id*. ¶ 10).

3      Three separate actions relate to the instant case. In the first action, Progressive denied

4  coverage for the car accident and sought declaratory relief in federal court. (*Id*. ¶ 11). In April

5  2017, Progressive ultimately obtained a default judgment against Michelle Lannan. (*Id*.). In the

6  second action, Defendants obtained a default judgment in the Eighth Judicial District Court in

7  Nevada against Michelle Lannan in the aggregate amount of $10,185,174.34. (*Id*. ¶ 13).

8  Pursuant to the default judgment, Plaintiff received notice from Defendants' legal

9  representative regarding the default judgment. (*Id*. ¶ 14). Defendants' UM policy provides

10 coverage as follows: $50,000.00 per person and $100,000.00 for each accident. (*Id*. ¶ 15). On

11 October 8, 2019, Plaintiff tendered $100,000.00 to Defendants pursuant to the contractual

12 limits of the UM policy. (*Id*. ¶ 16).

13     In October 2019, Plaintiff filed the instant action, seeking declaratory judgment declaring

14 that it satisfied all contractual obligations to Defendants. (*See generally id.*). Specifically,

15 Plaintiff seeks a declaration that it has no further obligation to provide benefits beyond the

16 $100,000.00 contractual limit in the UM insurance policy. (*Id*. ¶¶ 19–24). On June 29, 2020,

17 Plaintiff filed a Motion for Entry of Clerk's Default, which the Clerk entered on July 13, 2020.

18 (*See* Clerk's Entry of Default, ECF No. 20).

19     Relatedly, on March 24, 2020, Defendants in the instant matter filed a claim against

20 Plaintiff MIC in the Eight Judicial District Court (i.e., the third action).[1] (*See generally* Pet.

21 Removal, *Nguyen et al v. Farmers Insurance Exchange*, No. 2:20-cv-00961-GMN-BNW (D.

22 Nev. 2020), ECF No. 1). There, Defendants in the instant case allege numerous claims,

23 including breach of contract, breach of implied covenant of good faith and fair dealing,

---

[1] Defendants Hung Mai, Andy Do, and Hong Nguyen are the Plaintiffs in the third related case and Plaintiff MIC is the Defendant in the third related case. *(See generally* Pet. Removal, *Nguyen et al v. Farmers Insurance Exchange*, No. 2:20-cv-00961-GMN-BNW (D. Nev. 2020), ECF No. 1)).

1 violation of NRS 686.310 *et seq.*, breach of fiduciary duty, civil conspiracy, concert of action, unjust enrichment, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*Id.* ¶ 7).

On January 28, 2021, Magistrate Judge Brenda N. Weksler issued a Report and Recommendation ("R&R") in the instant case, recommending that the Court deny without prejudice Plaintiff's Motions for Default Judgment because Defendants appeared in the case by responding to the Motions for Default Judgment. (R&R 7:7–12, ECF No. 27). Plaintiff objected to the R&R and also filed the Second Motions for Default Judgment. (*See* Obj. to R&R, ECF No. 28); (Mot. Default. J. Against Hung Mai, ECF No. 29); (Mot. Default J. Against Andy Do, ECF No. 29); (Mot. Default J. Against Hong Nguyen, ECF No. 31). Judge Weksler then issued a show-cause order, instructing Defendants to: (1) explain why sanctions should not be entered against them for failure to follow Court orders and otherwise participate in this case; (2) file a Motion to Set Aside Default; and (3) respond to Plaintiff's Second Motions for Default. (*See* Min. Order, ECF No. 32). Defendants then filed the instant Motion to Set Aside Default, (ECF No. 33). The Court first discusses the Motion to Set Aside Clerk's Entry of Default.

## II. LEGAL STANDARD

### A. Motion to Set Aside Clerk's Entry of Default

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." *See* Fed. R. Civ. Pro. 55(c). To determine whether good cause exists, courts look to: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted). This standard "is disjunctive, such that a finding that any one of these

factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (quoting *Mesle*, 615 F.3d at 1091).

While the court considers the same factors prior to vacating an entry of default as it would for a default judgment, the test is less stringent when the court has not entered default judgment. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Indeed, "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091.

**B. Motion for Default Judgment**

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

//

//

## III. DISCUSSION

### A. Motion to Set Aside Clerk's Entry of Default

Defendants request that the Court set aside the Clerk's Entry of Default, (ECF No. 20), on July 13, 2020. (*See* Mot. Set Aside, ECF No. 33). Defendants assert that good cause exists to set aside clerk's entry of default because the motion was mistakenly filed in the third related action. (*See id*. 2:24–3:6); (*see also* Mot. Set Aside, *Nguyen et al v. Farmers Insurance Exchange*, No. 2:20-cv-00961-GMN-BNW (D. Nev. 2020), ECF No. 18). Additionally, Defendants request that the Court consolidate this case with the third related case, 2:20-cv-00961-GMN-BNW, because the cases involve the same parties and precisely the same issues. (*Id*. 26:15–27:17). The Court first discusses if good cause exists to set aside Clerk's entry of default.

#### i. Good Cause to Set Aside Clerk's Entry of Default

As stated above, to determine whether good cause exists, courts look to: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Mesle*, 615 F.3d at 1091 (citation omitted). As to the second factor, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. *Id*. at 1094. Rather, that question 'would be the subject of the later litigation.'" *Id*. (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001)). This approach is consistent with the principle that "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Id*.

Defendants fail to raise a meritorious defense in the present case. Defendants claim that Plaintiff is bound to pay the resulting judgment from the underlying default judgment because

Plaintiff had an opportunity to intervene in the underlying state court case between Defendant and Michelle Lannan; however, Plaintiff failed to intervene. (Mot. Set Aside 2:11–16; 4:16–25). Under Nevada law, an insurer's duty to indemnify "arises when an insured 'becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy.'" *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 685, 99 P.3d 1153, 1157 (2004). As the Court clarified in *Andrew v. Century Sur. Co.*, "[t]he duty to defend is not based on the contractual promise to pay a certain amount of money to an injured person. Instead, it is a *promise to provide a defense*, the breach of which may result in consequential damages to the insured beyond the policy limits." *Andrew v. Century Sur. Co.*, 134 F. Supp. 3d 1249, 1256 (D. Nev. 2015) (emphasis added).

Here, Defendant sued Michelle Lannan, the third-party tortfeasor, in Case No. A-16-730664-C for negligence. (*See* Compl., Ex. 1 to Mot. Set Aside, ECF No. 33-1). Defendant, as the party pursuing the litigation, was not legally obligated to pay damages in the underlying state action. Plaintiff's duty to defend does not, therefore, apply. As Plaintiff argues, Defendants appear to be confusing an insured individual who is exposed to an excess judgment with an individual who is the beneficiary of an excess judgment. (Resp. to Mot. Set Aside 5:28–6:4, ECF No. 35). Put simply, the insurer's duty to defend is not the duty to prosecute on behalf of the insured. Because Defendants fail to raise a meritorious defense, the Court finds that good cause does not exist to set aside Clerk's entry of default.[2]

### ii. Consolidation

Defendants further request the Court consolidate this case with the third related action, 2:20-cv-00961-GMN-BNW. (Mot. Set Aside 25:15–27:17). Under Federal Rule of Civil

---

[2] The Court does not further discuss the other factors—namely, culpable conduct and prejudice—given that the standard to set aside entry of default "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (quoting *Mesle*, 615 F.3d at 1091).

Procedure 42(a)(2), the Court may, in its discretion, consolidate actions involving common questions of law or fact. *See* Fed. R. Civ. Pro. 42(a)(2). The cases concern the same underlying incident; however, the cases concern different forms of relief. Plaintiff solely requests declaratory judgment in the instant case, whereas Defendants in the instant case[3] allege numerous claims in the third related action. (*See* Compl. ¶¶ 19–24); (*see also* Pet. Removal, *Nguyen et al v. Farmers Insurance Exchange*, No. 2:20-cv-00961-GMN-BNW (D. Nev. 2020), ECF No. 1). The Court thus declines to exercise its discretion to consolidate the cases because consolidation would not aid in the efficient and economical resolution of the disputes.

### B. Motion for Default Judgment

Plaintiff filed Motions for Default Judgment against Hung Mai, Andy Do, and Hong Nguyen on February 25, 2021. (Mot. Default. J. Against Hung Mai, ECF No. 29); (Mot. Default J. Against Andy Do, ECF No. 29); (Mot. Default J. Against Hong Nguyen, ECF No. 31). In a subsequent Minute Order, Judge Weksler specifically ordered Defendants to comply with the following:

> IT IS THEREFORE ORDERED that by March 11, 2021, defendants must show cause, in writing, why sanctions--including default judgment--should not be entered against them for (1) failure to follow the Court's orders and (2) failure to participate in the resolution of this case.
> IT IS FURTHER ORDERED that defendants must file a motion to set aside the default by March 11, 2021. Failure to comply with this order may result in a default judgment being entered against defendants.
> IT IS FURTHER ORDERED that defendants must respond to Mid-Century's second motions for default judgment within the deadline set by the Court's Local Rules.

(*See* Min. Order, ECF No. 32).

While Defendants timely filed the Motion to Set Aside, Defendants otherwise failed to comply with the Magistrate Judge's Order. Defendants did not show cause, in writing,

---

[3] Defendants in the instant case are actually the Plaintiffs in *Nguyen et al v. Farmers Insurance Exchange*, No. 2:20-cv-00961-GMN-BNW (D. Nev. 2020).

explaining why sanctions should not be entered.  Furthermore, Defendants have not responded to the Motions for Default Judgment to date.  Under LR IA 1-8, "[t]he court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on a party who fails to comply with any order of this court." *See* D. Nev. Local R. IA 11-8(e).  Given that the Court warned Defendants that failure to comply may result in default judgment and Defendants failed to comply with the Court's Order, the Court finds that entry of default judgment is proper.

Even if the Court were to liberally construe Defendant's Motion to Set Aside as an explanation as to why sanctions should not be entered, Defendants' explanation does not demonstrate "excusable neglect" to avoid sanctions.  Defendants state that the delay in filing the Motion was a simple clerical mistake. (Mot. Set Aside 3:3–4).  They explain that counsel inadvertently filed the Motion to Set Aside Default in the third related action, *Nguyen et al v. Farmers Insurance Exchange*, No. 2:20-cv-00961-GMN-BNW (D. Nev. 2020). (*Id*. 3:1–2).  This mistake, they contend, was "inadvertence and/or excusable neglect as attorneys were working remotely and simply used the wrong caption." (*Id*. 3:2–3).  The Ninth Circuit has clearly held, however, that inadvertence or "clerical error by counsel's staff" does not constitute excusable neglect. *Oregon v. Champion Int'l Corp.*, 680 F.2d 1300 (9th Cir. 1982).  Thus, even if Defendant's explanation of excusable neglect could be construed as a response to the show-cause order, Defendants fail to show cause as to why sanctions should not be entered against them.  The Court notified Defendants of the potential sanction, gave Defendants an opportunity to respond, and Defendants failed to properly comply with the Court's orders. *See* D. Nev. Local R. IA 11-8(e).  Accordingly, the Court grants Plaintiff's Second Motions for Default Judgment.

//
//
//

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Second Motions for Default Judgment, (ECF Nos. 29–31), are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Set Aside Clerk's Entry of Default, (ECF No. 33), is **DENIED**.

**DATED** this __6__ day of June, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court